Argued and submitted February 5, affirmed December 10, 2014

CITY OF PORTLAND,
*Petitioner,*

*v.*

PORTLAND FIRE FIGHTERS' ASSOCIATION,
*Respondent.*

Employment Relations Board
UP1310; A153360

341 P3d 143

Harry Auerbach argued the cause and filed the briefs for petitioner.

Barbara J. Diamond argued the cause for respondent. With her on the brief was Diamond Law.

Before Ortega, Presiding Judge, and DeVore, Judge, and Schuman, Senior Judge.

DEVORE, J.

**DEVORE, J.**

The City of Portland (city) petitions for judicial review of a compliance order issued by the Employment Relations Board (ERB). ERB ordered the city to comply with an arbitration award and grant retirement and pension "service credit" to an employee. In a related case issued today, *Portland Fire Fighters' Assn. v. City of Portland*, 267 Or App 491, 341 P3d 770 (2014), we affirmed ERB's order on a complaint charging an unfair labor practice (ULP). That order required the city to comply with the same arbitration award by compensating the employee for disability benefits he had not received from the Fire and Police Disability and Retirement Fund (fund). In this compliance proceeding, ERB determined that the arbitrator's "make-whole" award required the city to grant service credit toward the employee's retirement and pension during the period that he was not receiving disability benefits. The city seeks judicial review of that order. We affirm.

The facts here supplement those recounted in the related case.[1] On January 21, 2010, an arbitrator upheld a grievance filed by the Portland Fire Fighters' Association (association) on behalf of Tom Hurley, a disabled firefighter. The arbitrator found that Hurley was discharged without just cause, ordered rescission of Hurley's discharge, and required the city to compensate him for the amount of disability benefits that he lost when the fund terminated those benefits. The city refused to uphold the latter part of the award, claiming that the arbitrator exceeded his authority in ordering the city to make those payments. The association filed a ULP complaint. ERB upheld the award and ordered the city to comply with it. We affirmed.

Following the association's initial grievance, Hurley returned to work as a Low Hazard Inspector. In May 2012, he requested a pension estimate from the fund and discovered that he had not earned service credit towards retirement during the three years that his disability benefits were terminated. Under section 5-302 of the Portland City Charter, a firefighter is given service credit for (1) periods of service during active employment as a City of Portland firefighter,

---

[1] The arbitration award and initial ERB proceedings are described in detail in *Portland Fire Fighters' Assn.*, 267 Or App at 492-98.

(2) periods of time in the military service of the United States, if he or she returns to active duty as a firefighter, and (3) periods during which the member receives disability benefits. Because the fund discontinued Hurley's disability benefits on April 5, 2007, and Hurley did not return to work until December 22, 2010, the city concluded that Hurley did not meet any of the criteria for earning service credit during that time. He did not receive 1,358 days of service credit.

The association filed a motion with ERB under ORS 243.766(4), arguing that the city had failed to comply with ERB's order on the ULP complaint involving the arbitration award. The association requested that ERB initiate enforcement proceedings in circuit court.[2] The city responded that Hurley was not eligible for service credit under the criteria in the city charter and that it had no authority to order the fund to grant Hurley service credit. The city contended that ERB and the arbitrator had not ordered the city to rescind the fund's decision terminating Hurley's disability benefits nor ordered the city to restore Hurley's retirement service credit.

ERB determined that the issue was not whether the fund must grant the requisite service credit, but whether the city is responsible under the arbitrator's award to treat Hurley as if he had earned service credit during that period of time. The arbitrator had granted Hurley a make-whole remedy that required the city to treat Hurley, as the arbitrator phrased it, "as though [Hurley] had been reinstated as a fund member and entitled to receive disability benefits from the Fund." ERB concluded, "To fully effectuate the arbitrator's remedy, the City must treat [Hurley] as if he had received service credit * * *."

The city seeks judicial review of ERB's order. The city reprises its arguments that it could not restore service credit through the fund and that it was not told to do so. The city also repeats its argument from the related case that the arbitrator exceeded his authority in fashioning the award. We rejected the latter argument in *Portland Fire Fighters' Assn.*, 267 Or App at 499-500, and decline to address it

---

[2] Under ORS 243.766(4), ERB may "[p]etition the appropriate circuit court for enforcement of any order issued by the board pursuant to ORS 243.650 to 243.782."

again here. For its part, the association interposes procedural objections to the city's judicial review, which we reject without further discussion; ERB's compliance order is subject to review under ORS 183.482. There are no disputed issues of fact that would call for a review for substantial evidence. ORS 183.482(8)(c) (substantial evidence standard). Therefore, we review the compliance order for substantial reason and errors of law. *See* ORS 183.482(8); *Portland Assn. Teachers v. Mult. Sch. Dist. No. 1,* 171 Or App 616, 627, 16 P3d 1189 (2000) (examining the reasoning that leads ERB from the facts it has found to the conclusions that it draws from those facts).

ERB is granted general authority under ORS 240.115 to "maintain such action or proceeding at law or in equity as it considers necessary or appropriate to secure compliance with this chapter and its rules and orders thereunder." The board has jurisdiction under ORS 243.672(1)(g) to declare that a public employer's refusal to implement a grievance arbitration award is an unfair labor practice. Under ORS 243.676(2)(c), ERB may, upon finding that an unfair labor practice has occurred, "[t]ake such affirmative action, * * * as necessary to effectuate the purposes of * * * [ORS] 243.650 to 243.782[, the Public Employee Collective Bargaining Act * * *][.]"

ERB issued the compliance order consistently with this record and ERB's statutory authority. The arbitrator's award provided, among other things, that

> "[t]he City shall reverse the termination of Grievant's employment *and reinstate whatever rights Grievant had as an employee before his termination.*"

(Emphasis added.) The arbitrator made plain that the remedy was intended as a "make-whole" award. In construing that award, ERB permissibly interpreted the arbitrator's award as including service credit to Hurley. ERB observed on reconsideration of the arbitration award that "the arbitrator did not reinstate Hurley as a Fund member" but only ordered the city to compensate him "as though [he] had been reinstated." We find substantial reason and no error of law in that interpretation of the arbitration award. ERB did not err.

Affirmed.